# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

YASMIN CARTY,

    Plaintiff,

    v.

AUTHOR SOLUTIONS, INC.,

    Defendant.

Civil Action No. 10-1788

## MEMORANDUM OPINION

Plaintiff Yasmin Carty brought this action pro se against defendant publisher Author Solutions, Inc. ("Author Solutions"), alleging misconduct relating to sale of her book, "Proverbs, Phrases, or Rhymes for People Who are Interested in Knowledge and Wisdom." See Compl. at 1. Plaintiff seeks "restitution of $30,000,000" and contends that the defendant was "hiding sales" and "obviously suppressi[ng] evidence of other subsidiaries and companies . . . selling [her] book." Id. Presently before the Court is the defendant's motion to dismiss the plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted. For the following reasons, the Court will grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff entered into an Author Services Agreement ("Agreement") with Author Solutions,[1] through which she purchased the "Standard Paperback Publishing" option to publish a book entitled "Proverbs, Phrases and Rhymes." Def.'s Mot. to Dismiss ("Def.'s Mot") [Docket

---

[1] Author Solutions also operates under the name AuthorHouse.

Entry 3] Ex. 1 at 1. This option provides that Author Solutions will "prepare [the author's work] for distribution as a . . . paperback, design a full-color cover, obtain an International Standard Book Number (ISBN), and register [the work] with distributors so that it may be available for sale." Def.'s Mot. Ex. 2 at 1. Section 5 of the Agreement indicates that Author Solutions will remit royalty payments to authors on a quarterly basis along with a report of sales for each quarter. Id. at 2. Section 13 of the Agreement stipulates that "[a]ny dispute between the parties MUST be submitted to binding arbitration administered by the American Arbitration Association." Id. at 4. Plaintiff signed the Agreement on September 28, 2006, indicating that she had read, understood, and accepted its terms in full. Def.'s Mot. Ex. 1 at 2. Between 2007 and 2010, plaintiff received checks from Author Solutions in amounts ranging from $3.95 to $79.20, reflecting payment of royalties earned in relation to sales of her book. Compl. Exs. A1-A6.

On September 28, 2010, plaintiff filed this complaint against Author Solutions in the Superior Court of the District of Columbia, alleging an apparent breach of contract claim and seeking damages of $30,000,000. Compl. at 1. Plaintiff claims that she discovered that her book is available for sale "in every country throughout the world," through a number of venues including online retailers and bookstores. Id. She also maintains that the book has become a bestseller in Canada. Id. Based on this information, plaintiff alleges that Author Solutions has withheld royalties to which she is entitled as a result of sales of her book and requests "restitution for [the defendant] hiding sales and . . . suppressing evidence of other subsidiaries and companies who are selling [her] book." Id.

Author Solutions removed the action to this Court on October 22, 2010, and moved to

dismiss the plaintiff's complaint for failure to state a claim on October 25, 2010. Author Solutions also contends that, in any event, plaintiff's complaint must be arbitrated according to the terms of the Agreement. Def.'s Mot. at 4.

## STANDARD OF REVIEW

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 21 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

## DISCUSSION

### A. Failure to State a Claim

Even under the liberal standard by which pro se plaintiffs' complaints are evaluated, the plaintiff has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Complaints submitted by plaintiffs proceeding pro se are reviewed by the court under

"less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The court may also examine "other pleadings to understand the nature and basis of [plaintiff's] pro se claims." Chandler v. W.E. Welch & Assocs., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002)). However, a pro se complaint must still plead "'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.'" Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citation omitted).

Carty's complaint, a one-page document that discusses her failure to receive timely royalty payments, provides insufficient factual information to establish breach of contract or any other claim upon which she would be entitled to the relief she seeks. Carty states in her complaint that she is owed $30,000,000 as "restitution" for the defendant's concealment of sales of her book and failure to remit to her the resulting royalty payments in a timely manner. Compl. at 1. Plaintiff attaches checks she has received from Author Solutions, but these alone do not indicate a contractual obligation on the part of Author Solutions or suggest that Author Solutions has violated any provision of the Agreement. Compl. Exs. A1-A6. The court need not accept legal conclusions "cast in the form of factual allegations" or "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal, 16 F.3d at 1276; see also Iqbal, 129 S. Ct. at 1949-50. Hence, because plaintiff's assertions are not supported by facts showing misconduct by defendant, her complaint will be dismissed for failure to state a claim for which relief may be granted.

**B.     Arbitration Agreement**

Even if plaintiff's complaint did adequately state a claim for relief, her claims would also

have to be dismissed because her Agreement with Author Solutions mandates parties to submit disputes to binding arbitration. See Def.'s Mot. Ex. 2 at 4. A written agreement to arbitrate "in . . . a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable," absent circumstances that would invalidate the agreement. 9 U.S.C. § 2; Nelson v. Insignia/ESG, Inc., 215 F. Supp. 2d 143, 158 (D.D.C. 2002). The Federal Arbitration Act creates a strong presumption in favor of enforcing arbitration agreements, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Here, section 13 of the Agreement states that "[a]ny dispute between the parties MUST be submitted to binding arbitration administered by the American Arbitration Association," Def.'s Mot. Ex. 2 at 4, and plaintiff does not contest the validity of the Agreement. Hence, arbitration is the appropriate forum for plaintiff's grievance, not this Court.

Defendant contends that dismissal with prejudice is appropriate because "allowing amendment would be futile" due to the Agreement's requirement of binding arbitration. Def.'s Mot. at 4, Ex. 2 at 4. Although leave to amend a complaint is freely granted to plaintiffs when "justice so requires," Fed. R. Civ. P. 15(a)(2), a court may, in its discretion, deny leave to amend in cases of "undue delay, bad faith or . . . futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is deemed futile when the proposed claim would not survive a motion to dismiss, such as where the amended complaint would suffer from the same flaw as the original complaint. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996); Johnson v. Dist. of Columbia, 244 F.R.D. 1, 7 (D.D.C. 2007), aff'd, 552 F.3d 806 (D.C. Cir. 2008).

Here, plaintiff's claim against Author Solutions fails because it arises from the Agreement, which mandates arbitration for all disputes. Hence, it is very likely that any amendments to her complaint would suffer from the same flaw. See, e.g., Johnson, 244 F.R.D. at 8 (denying as futile the amendment of plaintiff's claims because of requirement to pursue administrative remedy). Where a court determines that the assertion of additional facts consistent with the challenged pleading would not remedy the deficiency, dismissal of a claim with prejudice is appropriate. Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996); see also Jung v. Ass'n of Am. Med. Colls., 184 F. App'x 9, 11-12 (D.C. Cir. 2006) (affirming dismissal of plaintiffs' complaint with prejudice because claim was barred by statute and allegation of additional facts would not cure deficiency). But here the Court need not reach that far, because plaintiff has given no sign of wishing to amend her complaint. Hence, the Court will simply dismiss the complaint.[2]

Finally, plaintiff has requested in her reply to defendant's motion to dismiss that the Court should refrain from ordering dismissal because she wishes to settle with defendant. The parties have had ample time to follow that course, and there is no basis to delay resolution of defendant's motion any longer.

## CONCLUSION

For the reasons explained above, the Court will grant defendant's motion to dismiss for failure to state a claim. An order has been filed on this date.

---

[2] The Court need not convert defendant's motion to dismiss, which attached the Agreement, to a motion for summary judgment because plaintiff's complaint is dismissed for failure to state a claim notwithstanding the arbitration agreement.

/s/
JOHN D. BATES
United States District Judge

Dated: June 10, 2011